UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA L. GUEVARA CARBAJAL, et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., et al., <br><br> Respondents. | Case No. C14-810-MJP-BAT <br><br> **REPORT AND RECOMMENDATON** |

## INTRODUCTION

Attorney Bruno J. Bembi initiated this habeas action pursuant to 28 U.S.C. § 2241 on behalf of Jose Jonal Guevara Carbajal, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center, and his sister Marta L. Guevara Carbajal, who resides in New York and is seeking to become his guardian. *See* Dkt. 1. Through the petition, Mr. Guevara Carbajal sought release from immigration detention and a stay of removal. *Id.* The Court entered a temporary stay of removal pending resolution of the habeas petition and motion for stay. Dkt. 3.

Mr. Bembi did not file for *pro hac vice* status and was subsequently terminated as petitioners' counsel. *See* Dkts. 11, 16. Proceeding *pro se*, Mr. Guevara Carbajal filed an

REPORT AND RECOMMENDATON- 1

amended habeas petition.[1]  Dkt. 13.  He seeks the same relief as in the original petition.  *See id.*  Respondents filed their answer, arguing that the habeas petition should be dismissed and the temporary stay of removal should be lifted.  Dkt. 14.  Mr. Guevara Carbajal did not file a response.

As discussed below, the Court recommends that respondents' motion to dismiss, Dkt. 14, be **GRANTED**; petitioners' amended habeas petition, Dkt. 13, be **DENIED**; the temporary stay of removal, Dkt. 3, be **VACATED**; and this action be **DISMISSED** with prejudice.

## BACKGROUND

Mr. Guevara Carbajal is a 20-year-old native and citizen of El Salvador.  Dkt. 13 at 20.  He entered the United States on or about March 15, 2014, with the intention to reside with Ms. Guevara Carbajal and seek employment in New York.  Dkt. 14, Ex. A.  On March 17, 2014, the Department of Homeland Security ("DHS") determined that he was inadmissible and ordered him removed pursuant to 8 U.S.C. § 1225(b)(1) because he did not have a valid entry document.  *Id.* (citing 8 U.S.C. § 1182(a)(7)(A)(i)(1)).  Mr. Guevara Carbajal claimed a fear of persecution if he was returned to El Salvador, and an Immigration Judge ("IJ") denied his claim on May 21, 2014.  Dkt. 14, Ex. B.

On April 25, 2014, Ms. Guevara Carbajal filed a guardianship petition on her brother's behalf in New York so that he can seek special immigrant juvenile status under 8 U.S.C. § 1101(a)(27)(J).  Dkt. 13 at 10-25.  She also submitted a "Request for Specific Consent to Juvenile Court Jurisdiction," which was denied because Mr. Guevara Carbajal was not within the jurisdiction of the Department of Health and Human Services ("DHHS").  Dkt. 13 at 5.

On May 23, 2014, petitioners initiated the instant habeas action.  Dkt. 1.

---

[1] The cover letter submitted with the amended petition indicates that it was drafted by Mr. Bembi.

REPORT AND RECOMMENDATON- 2

**DISCUSSION**

**A.     Mr. Guevara Carbajal's current detention is authorized by 8 U.S.C. § 1231(a)**

Mr. Guevara Carbajal is entitled to habeas relief pursuant to 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States. Pursuant to 8 U.S.C. § 1231(a), the Attorney General is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). The Attorney General may also detain certain aliens beyond the removal period, including those who are deemed inadmissible under § 1182. 8 U.S.C. § 1231(a)(6).

Respondents contend that Mr. Guevara Carbajal's current detention is authorized by § 1231(a)(2) because the removal period began on May 21, 2014, when the IJ denied his asylum claim, and will continue 90 days until August 19, 2014. But because August 19, 2014, has already passed, Mr. Guevara Carbajal is no longer detained pursuant to § 1231(a)(2). Nevertheless, his continued detention by DHS is authorized by § 1231(a)(6) because he was found to be inadmissible under § 1182(a)(7)(A)(i)(I). *See* 8 U.S.C. § 1231(a)(6) (authorizing the continued detention of aliens ordered removed who are inadmissible under § 1182).

Mr. Guevara Carbajal asserts he should be in the custody of DHHS, rather than ICE. When Congress created DHS, it transferred certain functions under the immigration laws to DHHS, including those "with respect to the care of unaccompanied alien children . . . ." 6 U.S.C. § 279(a). The term "unaccompanied alien child" means a child who "(A) has no lawful

REPORT AND RECOMMENDATON- 3

immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Mr. Guevara Carbajal does not satisfy the definition of "unaccompanied alien child" because he was born on June 24, 1994, and therefore his eighteenth birthday was in 2012, well before his March 2014 arrival in the United States. *See* Dkt. 13 at 20. Accordingly, Mr. Guevara Carbajal's argument that he should be in DHHS custody fails.

Mr. Guevara Carbajal also argues that he should be held under the least restrictive conditions possible as required by 8 U.S.C. § 1232(c)(2).[2] But because he is not an

---

[2] Section 1232(c)(2) provides:

> (A) Minors in Department of Health and Human Services custody
>
> Subject to section 279(b)(2) of Title 6, an unaccompanied alien child in the custody of the Secretary of Health and Human Services shall be promptly placed in the least restrictive setting that is in the best interest of the child. In making such placements, the Secretary may consider danger to self, danger to the community, and risk of flight. Placement of child trafficking victims may include placement in an Unaccompanied Refugee Minor program, pursuant to section 412(d) of the Immigration and Nationality Act (8 U.S.C. 1522(d)), if a suitable family member is not available to provide care. A child shall not be placed in a secure facility absent a determination that the child poses a danger to self or others or has been charged with having committed a criminal offense. The placement of a child in a secure facility shall be reviewed, at a minimum, on a monthly basis, in accordance with procedures prescribed by the Secretary, to determine if such placement remains warranted.
>
> (B) Aliens transferred from Department of Health and Human Services to Department of Homeland Security custody
>
> If a minor described in subparagraph (A) reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight. Such aliens shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision,

REPORT AND RECOMMENDATON- 4

"unaccompanied alien child," § 1232(c)(2) does not apply to him.  Mr. Guevara Carbajal fails to establish that he is entitled to habeas relief at this time.  *See* 28 U.S.C. § 2241(c)(3) (habeas relief appropriate when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States").

### B. This Court lacks jurisdiction over Mr. Guevara Carbajal's remaining claims

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that exclusive jurisdiction over claims that directly or indirectly challenge an order of removal lies in the courts of appeals.  *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  District courts, however, retain jurisdiction to review "claims independent of challenges to removal orders."  *Martinez*, 704 F.3d at 622 (quoting *Singh v. Gonzales* ("*Singh I*"), 499 F.3d 969, 978 (9th Cir. 2007)).  Whether a claim is an indirect challenge to a removal order or an independent claim turns on the substance of the relief the petitioner is seeking.  *Id.*  The Ninth Circuit has found that a claim is independent where the relief sought could be granted without calling into question the merits of the decision underlying the order of removal.  *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir.

---

which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home.

REPORT AND RECOMMENDATON- 5

1 | 2011); *Singh I*, 499 F.3d at 979.

2 | Mr. Guevara Carbajal asserts that his current detention violates due process because he is "clearly eligible to receive lawful permanent residence through the [special immigrant juvenile] process." Dkt. 13 at 7. He also argues his removal should be stayed so that he can pursue lawful permanent residence status. Both of these arguments implicate the government's ability to execute his removal order. The REAL ID Act divests this Court of jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . *execute removal orders* against any alien." 8 U.S.C. § 1252(g) (emphasis added); *see also Osorio-Recinos v. Asher*, No. 10-1693-RSL-BAT, 2011 WL 643279, at *4 (W.D. Wash. Jan. 24, 2011). Thus the Court does not have jurisdiction to grant Mr. Guevara Carbajal a stay of removal or otherwise prevent the execution of his removal order so he can apply for lawful permanent residence.

In sum, because Mr. Guevara Carbajal's current detention is statutorily authorized and the Court lacks jurisdiction over his remaining claims, his habeas petition should be denied.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 14, be **GRANTED**; petitioners' amended habeas petition, Dkt. 13, be **DENIED**; the temporary stay of removal, Dkt. 3, be **VACATED**; and this action be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **September 11, 2014.** The Clerk should note the matter for

REPORT AND RECOMMENDATON- 6

**September 12, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

The Clerk shall send copies of this Report and Recommendation to petitioners, to counsel for respondents, and to the Honorable Marsha J. Pechman.

DATED this 21st day of August, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 7